IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.   Case Nos.:   3:16cr55-MCR-HTC
                  3:20cv5975-MCR-HTC

CLIFFORD B. GANDY

# ORDER AND
# REPORT AND RECOMMENDATION

This matter is before the Court on Defendant Clifford B. Gandy's Motion to Vacate Under 28 U.S.C. § 2255, ECF Doc. 102, Motion to Supplement § 2255, ECF Doc. 108 and Motion to Amend Pleadings and Motion Filed under 28 U.S.C. § 2255, ECF Nos. 111, 112. Upon careful review of the record, the Government's responses, ECF Docs. 106, 110, 113, and Defendant's reply, ECF Doc. 107, the motions to supplement/amend are denied. Also, the undersigned recommends the § 2255 motion be denied without an evidentiary hearing. *See* Rules 8(a) and (b), Rules Governing Section 2255 Cases.

## I.  BACKGROUND

On May 20, 2016, Pensacola Police Officers observed Defendant seated, alone, inside a running vehicle in a parking lot in an area known for drug trafficking.[1] Officers also observed a woman leaning inside a window of the vehicle.  Upon approaching the vehicle, officers noticed three bags containing a white powdery substance on top of Defendant's lap, which they believed to be cocaine.  As officers approached more closely, Defendant attempted to place the vehicle in reverse.  Officers, however, drew their weapons and were able to keep Defendant from leaving.

When officers removed Defendant from the vehicle, a digital scale and three bags of suspected cocaine fell from Defendant's lap onto the ground.  Officers also found $847 in cash in Defendant's front pocket and discovered a loaded semi-automatic pistol, an ounce bag of marijuana, and an additional small bag of suspected cocaine inside the vehicle.  Despite the fact that the officers' encounter with Defendant was recorded on a body cam, Defendant maintained his innocence at trial and through sentencing.  ECF Doc. 82 at 22.

---

[1]  The facts are gleaned from the Presentence Investigation Report.  *See* ECF Doc. 61, PSR ¶s 6-8.

On July 21, 2016, a federal grand jury charged Defendant in a three-count indictment with possession with intent to distribute cocaine and marijuana in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) and (D) ("Count One"), possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i) ("Count Two") and possession of a firearm and ammunition by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) ("Count Three"). ECF Doc. 1. Defendant was convicted of all counts after a two-day jury trial. ECF Docs. 49, 50. Assistant Federal Public Defender Randall Lockhart represented Defendant.

According to the Presentence Investigation Report ("PSR"), Defendant was a Career Offender subject to an enhanced sentence under § 4B1.1(b). ECF Doc. 61, PSR ¶ 25. This designation requires two prior felony convictions of a crime of violence or a controlled substance offense. The PSR identified the following three qualifying convictions: Battery upon a jail detainee (PSR ¶ 44); Felony Battery, two counts (PSR ¶ 48) and Possession with Intent to Sell a controlled substance (PSR ¶ 50). Defendant objected to the characterization of the battery convictions in paragraphs 44 and 48 as crimes of violence. ECF Doc. 61, PSR ¶s 128-130; ECF Doc. 59.

Page **4** of **20**

Sentencing, originally scheduled for January 13, 2017, was continued pending the issuance of an Eleventh Circuit opinion that was expected to impact the application of the career offender guideline. *See* ECF Doc. 62. In August, the Eleventh Circuit held that Florida felony battery is a crime of violence under the elements clause of the Sentencing Guidelines. *United States v. Vail-Bailon,* 868 F. 3d 1293 (11th Cir. 2017).

On September 22, 2017, the Court overruled the defense objection to the career offender adjustment, ECF Doc. 82 at 4-8,[2] and sentenced Defendant to a below-guidelines term of 300 months' imprisonment. The sentence consisted of 240 months as to Count One, 120 months as to Count Three, to run concurrently with Count One, and a term of 60 months as to Count Two to run consecutively to the other counts. ECF Docs. 75, 76.

Defendant appealed based on one ground – that the 2010 battery on a jail detainee conviction was not a crime of violence. ECF Doc. 96. On March 6, 2019, the Eleventh Circuit affirmed the judgment and sentence because, under a modified-categorical approach, Defendant "was necessarily convicted of 'intentionally

---

[2] The Government conceded the battery in Paragraph 48 of the PSR was not a qualifying predicate offense because of the "vague language within the charging documents regarding the factual basis." ECF Doc. 82 at 6. The Court's determination was thus based on the 2010 battery against jail detainee conviction in Paragraph 44 and the controlled substance offense in Paragraph 50.

Case Nos.: 3:16cr55-MCR-HTC; 3:20cv5975-MCR-HTC

causing bodily harm,' which qualifies as a crime of violence". *United States v. Gandy*, 917 F. 3d 1333 (11th Cir. 2019). The United States Supreme Court denied Defendant's petition for a writ of certiorari on November 18, 2019. ECF No. 99.

Defendant timely filed the instant § 2255 motion on November 11, 2020.[3] ECF Doc. 102 at 11. He raises four grounds for relief. In the first two grounds, he contends trial counsel was ineffective during the plea stage and for failing to call a particular witness. In the third ground, Defendant claims appellate counsel was ineffective for failing to challenge the sufficiency of the evidence, and in the fourth ground, he claims both the district court and appellate court erred in classifying him as a career offender. The Government opposes the motion.

## II. GENERAL STANDARD OF REVIEW

"Section 2255 does not provide a remedy for every alleged error in conviction and sentencing." *Spencer v. United States*, 773 F.3d 1132, 1138 (11th Cir. 2014). A prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its

---

[3] It appears the motion was filed, and likely signed, by another inmate in his behalf. *See* ECF No. 102 at 11. Inmate Antonio Sherrod avers he had Defendant's § 2255 motion in his inmate property when he left the institution. The signature on the motion, memorandum and affidavit are dissimilar from each other and from the signatures on Defendant's most recent filings. Compare ECF Doc. 102 at 11, 29, 33 with ECF Doc. 107 at 7, ECF Doc. 108 at 17, ECF Doc. 111 at 9, ECF Doc. 112 at 7.

jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a).

Although "a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding," *Lynn v. United States,* 365 F.3d 1225, 1234 (11th Cir. 2004), claims of ineffective assistance of counsel are properly raised by a § 2255 motion regardless of whether they could have been brought on direct appeal. *Massaro v. United States*, 538 U.S. 500, 503 (2003). To prevail on a claim of ineffective assistance of counsel, a defendant must show (1) his attorney's representation fell below "an objective standard of reasonableness," and (2) a reasonable probability exists that, but for counsel's unprofessional conduct, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The movant bears the burden of proof on the "performance" prong as well as the "prejudice" prong, and both prongs must be proven to prevail. *Johnson v. Alabama*, 256 F.3d 1156, 1176 (11th Cir. 2001).

To show counsel's performance was unreasonable, a defendant must show "no competent counsel would have taken the action that his counsel did take." *Hollis v. United States*, 958 F. 3d 1120, 1122 (11th Cir. 2020) (citation omitted). When

reviewing the performance of an experienced trial counsel, the presumption that counsel's conduct was reasonable is even stronger, because "[e]xperience is due some respect." *Chandler v. United States*, 218 F.3d 1305, 1316 n. 18 (11th Cir. 2000). It is difficult to establish ineffective assistance when counsel's overall performance indicates active and capable advocacy. *Harrington v. Richter*, 562 U.S. 86, 111 (2011).

To establish the second prong, prejudice, a defendant must show, but for counsel's deficient performance, the outcome of the proceeding would have been different. *Strickland*, 466 U.S. at 694; *Jenkins v. Comm'r, Ala. Dep't of Corr.,* 963 F. 3d 1248 (11th Cir. 2020) (quoting *Harrington*, 562 U.S. at 112). Lawyers in every case could have done something more or different, and the issue is not what is possible, but only what is constitutionally compelled. *Chandler*, 218 F.3d at 1313. To demonstrate prejudice in the context of an appeal, the arguments the defendant alleges his counsel failed to raise must have been significant enough to have affected the outcome of the appeal. *Miller v. Dugger*, 858 F.2d 1536, 1538 (11th Cir. 1988).

## III. ANALYSIS

### A. Ineffective Assistance of Trial Counsel-Plea Communication

Defendant claims Mr. Lockhart violated his right to effective assistance of counsel during the plea negotiation stage by "misinform[ing] Defendant as to the sentencing exposure." ECF Doc. 102 at 15. Defendant claims he "didn't accept the plea because Lockhart had me confused about my mandatory minimum." *Id.* at 15-16.

The sixth amendment right to the effective assistance of counsel also extends "to the negotiation and consideration of plea offers that lapse or are rejected." *In re Perez*, 682 F.3d 930, 932 (11th Cir. 2012) (citing *Missouri v. Frye*, 566 U.S. 134, 138-145 (2012); *Lafler v. Cooper*, 566 U.S. 156, 163 (2012)). A defendant who claims ineffective advice led him to reject a plea offer must show that but for ineffective assistance of counsel, he would have accepted the plea, and the conviction or sentence or both under the terms of the plea offer would have been less severe than under the judgment and sentence that were imposed. *Lafler*, 566 U.S. at 164; *United States v. Smith,* 983 F. 3d 1213, 1221-22 (11th Cir. 2020). A defendant's "own conclusory after-the-fact assertion" he would have accepted a guilty plea, without more, is insufficient to establish prejudice, particularly if the defendant has

disavowed any interest in pleading guilty.  *Smith,* 983 F. 3d at 1222 (quoting *Rosin v. United States*, 786 F.3d 873, 879 (11th Cir. 2015); *see also Diaz v. United States*, 930 F.2d 832, 835 (11th Cir. 1991)); *Polshyn v. United States*, 2021 WL 5904089 (11th Cir. Dec. 14, 2021).  A defendant's insistence that he is innocent is a "relevant consideration" that "makes it more difficult to accept his claim" that he would have agreed to a plea deal.  *See Osley v. United States*, 751 F.3d 1214, 1224–25 (11th Cir. 2014).   In this case, Defendant has shown neither deficient performance nor prejudice.

    Mr. Lockhart submitted a sworn statement in response to Defendant's claim in which he explains he discussed the possible statutory and guideline penalties with Defendant before the jury trial.  ECF No. 106-1 at 1.  As an exhibit to the statement, counsel provided a copy of an October 6, 2016 letter to Defendant memorializing "the statutory and guideline information" which Mr. Lockhart contends he "repeatedly provided Mr. Gandy."  The October 6, 2016 letter clearly and explicitly provided counsel's predictions about the sentence Defendant faced, contrasting the difference between a sentence after a guilty plea versus after a trial.  ECF. 106-1 at 5.  Counsel also provided Defendant with copies of relevant portions of the Career Offender Guidelines and printed material comparing Armed Career Criminal and

Career Offender sentences. This evidence squarely contradicts Defendant's suggestion he was "misinformed" about his sentencing exposure.

Equally significant is the fact that Defendant appeared to have no interest in pleading guilty before filing the instant motion. Counsel avers in his statement that Defendant "insisted on a jury trial despite the overwhelming odds that he would likely be convicted." ECF Doc. 106-1 at 2. Indeed, during Defendant's allocution at sentencing, he stated "I'm still declaring my innocence because I'm not guilty of none of this y'all trying to convict me of." ECF Doc. 82 at 22. Thus, it is hard to accept Defendant's self-serving after-the-fact statement in the affidavit supporting the § 2255 motion that, he "had no problem with accepting [his] responsibility for the drug count." ECF Doc. 102 at 32-33. Because Defendant has shown neither constitutionally deficient performance nor prejudice, he is not entitled to relief.

**B.     Ineffective assistance of counsel—Failure to Investigate**

Defendant also contends Mr. Lockhart was constitutionally ineffective for failing to call Donald Virgin ("Virgin") as a witness at trial. Defendant maintains that Virgin, who owned the car Defendant was driving at the time of his arrest, could have exonerated him on Counts Two and Three, because Defendant's defense was

that he had only used the car and "Virgin lets all type of people use the car for drugs and money." ECF Doc. 102 at 33.

Mr. Lockhart states in his sworn statement that his investigator interviewed Virgin in late July 2016 about Defendant's case. ECF Doc. 106-1 at 3. Virgin told the investigator Virgin was out of town and had loaned the car to another individual, Walter Rivers, at the time of Defendant's arrest. Virgin would not admit either the drugs or gun found in the vehicle belonged to him. *Id.* Counsel believed, after interviewing other witnesses, that both the drugs and gun found in the center console could have belonged to either Virgin or other addicts/dealers who were known to "rent" Virgin's car. *Id.* Therefore, counsel chose, instead, to call witnesses at trial who could create reasonable doubt about the ownership of the drugs and gun found in the center console. *Id.* Counsel notes that calling Virgin to the stand to deny the gun and drugs were his would not have advanced the defense and the decision not to call Virgin as a witness was made with Defendant's "full knowledge and consent". *Id.*

"In assessing an attorney's performance under *Strickland*, 'strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable.'" *Knight v. Fla. Dep't of Corr.,* 936 F.3d 1322, 1340

(11th Cir. 2019) (quoting *Strickland*, 466 U.S. at 690). "Which witnesses, if any, to call, and when to call them, is the epitome of a strategic decision, and it is one that we will seldom, if ever, second guess." *Conklin v. Schofield,* 366 F.3d 1191, 1204 (11th Cir. 2004) (quoting *Waters v. Thomas*, 46 F.3d 1506, 1512 (11th Cir. 1995)). Furthermore, a litigant bears a heavy burden in trying to show prejudice because from a failure to call a witness because "often allegations of what a witness would have testified to are largely speculative." *Sullivan v. DeLoach*, 459 F.3d 1097, 1109 (11th Cir. 2006) (quoting *United States v. Guerra*, 628 F.2d 410, 413 (5th Cir.1980)).

Defendant has not met that burden here. Counsel faced a formidable battle given that Defendant was captured on body camera in the vehicle by himself with drugs and currency. ECF No. 61, PSR ¶s 6-8. Faced with this unfavorable evidence, counsel made a strategic decision not to call Virgin as a witness because Virgin would deny owning the drugs or gun. Instead, counsel called witnesses who could create reasonable doubt about the ownership of the drugs and gun found in the center console. *See* ECF Doc. 106-1 at 3. "[A] strategic decision not to call a witness whose testimony is not entirely problem-free and to focus instead on other available mitigating evidence does not amount to a deprivation of the Sixth Amendment right to counsel." *Lukehart v. Sec'y, Fla. Dep't of Corr.*, 50 F. 4th 32, 48 (11th Cir. 2022).

Counsel's decision was "well within the wide range of reasonably competent performance." *Knight*, 936 F.3d at 1340. Defendant is not entitled to relief.

### C. Failure to Challenge Sufficiency of Evidence on Appeal

Defendant argues appellate counsel was constitutionally ineffective for not challenging the sufficiency of the evidence supporting Count Two (possession of a firearm in furtherance of a drug trafficking crime). Defendant claims the evidence did not show a "nexus" between the firearm and the alleged drug selling operation, but only a "coincidental" or "accidental" presence of the weapon. ECF Doc. 102 at 25-26. This argument, however, was rejected by the trial court when it denied Defendant's motion for judgment of acquittal. ECF Doc. 56.

In the trial court's order, the court recited the evidence against Defendant, including that he had a previous conviction for possession with intent to sell marijuana and was apprehended alone in a vehicle with a loaded, stolen firearm sitting on top of a bag of marijuana in the center console. Also, he was found with drugs, a digital scale, and over $800.00 in cash, and he was arrested in a "high crime area popular with drug dealers." *Id.* at 4. The court concluded, given the totality of the evidence, the jury could have reasonably found Defendant was guilty.

Although appellate counsel did not raise a sufficiency of the argument on appeal, it is clear from the district court's order that such an argument would have had little chance of success. Thus, appellate counsel's conduct was not deficient. The Sixth Amendment does not require appellate counsel to raise every non-frivolous issue on appeal if counsel, as a matter of professional judgment, decides not to do so. *Davila v. Davis*, 137 S. Ct. 2058, 2067 (2017) (citations omitted); *Brown v. United States*, 720 F. 3d 1316, 1335 (11th Cir. 2013). "Declining to raise a claim on appeal...is not deficient performance unless that claim was plainly stronger than those actually presented to the appellate court." *Davila*, 137 S. Ct. at 2067 (citation omitted); *Stinfort v. United States*, 2022 WL 2297758, *2 (11th Cir. Jun. 27, 2022) (finding it was not ineffective for counsel to focus on stronger arguments and weed out weaker ones). The process of "winnowing out weaker arguments on appeal and focusing on" those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy. *Smith v. Murray*, 477 U.S. 527, 536 (1986). That is what appellate counsel did here – he declined to raise an argument that was rejected by the district court and chose, instead, to raise a stronger argument - the propriety of the career offender

enhancement. Counsel's performance was not deficient and Defendant is not entitled to relief.

### D. Erroneous Application of Career Offender Status

Defendant argues the district court erred when it classified him as a career offender, and the appellate court erred in affirming this decision. However, Defendant is not entitled to relief on this claim because the law is well established that a district court need not reconsider issues raised in a § 2255 motion that have been resolved on direct appeal. *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000). Once a matter has been decided adversely to a defendant on direct appeal, it cannot, except in the case of an intervening change in the law, be re-litigated in a collateral attack under § 2255, as it is procedurally barred. *Seabrooks v. United States*, 32 F. 4th 1375, 1383-84 (11th Cir. 2022) (citing *Nyhuis*, 211 F.3d at 1343 (collecting cases); *Davis v. United States*, 417 U.S. 333, 342 (1974)). Defendant is not entitled to relief.

### E. Motions to Amend and to Supplement

On or about August 15, 2022, Defendant filed a "Motion to Supplement 2255, pursuant Federal Rules of Civil Procedure 15(d)." ECF Doc. 108. A few weeks later, on or about September 2, 2022, Defendant filed a "Motion Pursuant to Rule

15(a)(2) of the Federal Rules of Civil Procedures to Amend Pleadings and Motion Filed under 28 U.S.C. § 2255." ECF Docs. 111, 112 (supporting memorandum). In these filings, Defendant seeks to add a new ineffective assistance of counsel claim and supplement his career offender enhancement claim. As stated above, however, Defendant is not entitled to relief on the career offender enhancement claim because it was decided adversely to him on appeal and is procedurally barred. Thus, any supplement, even if considered, would not make a difference to the resolution of that ground for relief.

The Court also finds no reason to allow Defendant to amend the motion to vacate to add a new ineffective assistance of counsel claim based on counsel's failure to file a motion to suppress the evidence seized incident to Defendant's arrest. Such a claim is untimely and thus the amendment is futile. *See Foman v. Davis,* 371 U.S. 178, 182 (1962). To amend a motion to vacate to add a new claim, that claim must be timely filed pursuant to 28 U.S.C. § 2255(f) or relate back to the original, timely filed motion. *Davenport v. United States*, 217 F. 3d 1341, 1344 (11th Cir. 2000). To relate back, the new claim must arise from the same set of facts as the original claims, not from separate conduct and occurrences in both time and type. *Id.*; *Farris v. United States*, 333 F.3d 1211, 1215 (11th Cir. 2003).

Here, a claim that counsel was ineffective for failing to move to suppress evidence does not arise from the same facts or conduct complained of in the original motion. *Davenport*, 217 F.3d at 1346; *Farris*, 333 F.3d at 1215. Under Rule 15(c), the untimely claim must have more in common with the timely filed claim than the mere fact that they arose out of the same trial and sentencing proceedings. *Spencer v. United States*, 2022 WL 2288246, *2 (11th Cir. 2022) (quoting *Davenport*, 217 F. 3d at 1344). Whether counsel was ineffective for failing to call Virgin or failing to advise Defendant of the penalties at the plea has nothing in common with whether counsel was ineffective for moving to suppress evidence. *See McLean v. United States,* 2005 WL 2172198 (11th Cir. Sep. 8, 2005) (unpub. order on pet. for reh'g) (finding movant's amended § 2255 claim that his counsel was ineffective for failing to show him an inculpatory videotape of a drug transaction which would have led the movant to attempt to plead guilty, did not relate back to the movant's claims in his initial § 2255 motion that his counsel was ineffective for failing to: 1) request a new trial based on an improper jury instruction; 2) advise the movant of his right to testify; 3) advise the movant that his wife/co-defendant could invoke her spousal privilege which would have required a severance). Thus, the new claim is untimely and allowing the amendment would be futile. *See United States v. Duffus,* 174 F.3d

333, 337 (3d Cir. 1999) ("while Duffus asserted in his initial motion that his attorney had been ineffective, the particular claim with respect to failing to move to suppress evidence was completely new").

## IV. CONCLUSION

For the foregoing reasons, the undersigned finds Defendant has failed to show the claims raised in his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 have merit. Nor has he shown an evidentiary hearing is warranted. Therefore, the undersigned recommends Defendant's motion be denied in its entirety.

## V. CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2255 Cases.

After review of the record, the Court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84

(2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the district court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is ORDERED

1. Defendant's Motion to Supplement § 2255 (ECF Doc. 108) is DENIED as futile.

2. Defendant's Motion to Amend (ECF Doc. 111) is DENIED as futile.

It is also RECOMMENDED:

1. The Motion to Vacate, Set Aside, or Correct Sentence (ECF Doc. 102) be DENIED.

2. A certificate of appealability be DENIED.

At Pensacola, Florida, this 24th day of October, 2022.

*s/ Hope Thai Cannon*
**HOPE T. CANNON**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.

Case Nos.: 3:16cr55-MCR-HTC; 3:20cv5975-MCR-HTC